

FILED

2012 NOV -5  PM 3: 00

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLA
JAX...ILLE FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

Dale Hartley,

     Plaintiff,

v.

Enhanced Recovery Company, LLC,

     Defendant.

Case No.

**3:12-CV-1214-J-32mcR**

**COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT COLLECTION
PRACTICES ACT AND OTHER
EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## PARTIES

1. Plaintiff is a natural person who resided in Cheyenne, WY at all times relevant to this action.

2. Defendant is a Delaware limited liability company that maintained its principal place of business in Jacksonville, FL at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to T-Mobile USA, Inc., which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around April 16, 2012, Defendant sent Plaintiff a letter in connection with the collection of the debt.

14. On or around April 28, 2012, Plaintiff sent Defendant a letter by fax disputing the debt.

15. Plaintiff's letter requested verification of that debt by Defendant

16. Plaintiff's letter instructed Defendant to cease further communication with Plaintiff regarding the debt, other than documents that verify the debt as requested.

17. Defendant received Plaintiff's letter on or around April 28, 2012.

18. Despite receipt of Plaintiff's letter instructing Defendant to cease communications, Defendant sent Plaintiff a letter in connection with the collection of the debt on June 15, 2012.

19. At the time of this communication, Defendant had not verified the debt as requested by Plaintiff.

20. Defendant caused Plaintiff emotional distress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Defendant violated 15 U.S.C. §1692c(c) by communicating with Plaintiff with respect to the debt notwithstanding its receipt of written instructions to cease communications with Plaintiff.

23. In support hereof, Plaintiff incorporates paragraphs 13-17 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Defendant violated 15 U.S.C. §1692g(b) by failing to cease communication prior to sending verification of the debt.

25. In support hereof, Plaintiff incorporates paragraphs 13-17 as if specifically stated herein.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, LLP

By:_____
    Fauzia A. Makar
    Bar # 72123
    2901 West Busch Blvd, Suite 701
    Tampa, FL 33618
    Telephone: 866-339-1156
    Email:
    fmakar@maceybankruptcylaw.com
    Attorneys for Plaintiff